Matter of Willis v Porter

2026 NY Slip Op 02846

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Rodney Willis, appellant,

v

Noni Porter, respondent. (Proceeding No. 1.)

In the Matter of Noni Porter, respondent,

Rodney Willis, appellant. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-08721, 2024-08723, (Docket Nos. O-926-22, O-8069-22)

Angela G. Iannacci, J.P.

Paul Wooten

Laurence L. Love

Elena Goldberg Velazquez, JJ.

Fariah Amin, New York, NY, for appellant.

Noni Porter, Queens, NY, respondent pro se.

[*1]

DECISION & ORDER

In related family offense proceedings pursuant to Family Court Act article 8, Rodney Willis appeals from (1) an order of dismissal of the Family Court, Kings County (Tamra Walker, J.), dated August 28, 2024, and (2) an order of fact-finding and disposition of the same court, also dated August 28, 2024. The order of dismissal, after a hearing, dismissed Rodney Willis's family offense petition against Noni Porter. The order of fact-finding and disposition, after a hearing, found that Rodney Willis had committed the family offense of harassment in the second degree and granted Noni Porter's family offense petition against Rodney Willis.

ORDERED that the order of dismissal and the order of fact-finding and disposition are affirmed, without costs or disbursements.

In 2022, Rodney Willis commenced a family offense proceeding pursuant to Family Court Act article 8 against Noni Porter, alleging, inter alia, that Porter committed the family offense of harassment in the second degree. Thereafter, Porter filed a family offense petition against Willis, alleging, among other things, that Willis committed the family offense of harassment in the second degree. After a hearing, in an order of dismissal dated August 28, 2024, the Family Court dismissed Willis's petition and in an order of fact-finding and disposition also dated August 28, 2024, found that Willis had committed the family offense of harassment in the second degree and granted Porter's petition. Willis appeals.

In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Matter of Kaye v Triantis, ____ AD3d ____, ____, 2026 NY Slip Op 01513, *1; Matter of Bell v Pierre, 239 AD3d 973, 975). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly [*2]unsupported by the record (see Matter of Vien v Bala-Gbogbo, 193 AD3d 748, 748).

A person commits harassment in the second degree when, with the intent to harass, annoy, or alarm another, he or she "engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[3]; see Matter of Julien v Lewin, 238 AD3d 757, 758).

Here, Porter established, by a preponderance of the evidence, that Willis committed the family offense of harassment in the second degree (Penal Law § 240.26[3]). The Family Court's determination that Willis committed the family offense of harassment in the second degree and that he failed to sustain his burden of proof on his petition was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Adeshina v Adeshina, 228 AD3d 755, 756; Matter of Vien v Bala-Gbogbo, 193 AD3d at 749; Matter of Howard v Howard, 181 AD3d 894, 895-896). Accordingly, there is no basis to disturb the court's determinations (see Matter of Julien v Lewin, 238 AD3d at 759; Matter of Vien v Bala-Gbogbo, 193 AD3d at 749).

Willis's remaining contention is without merit.

IANNACCI, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court